IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 0 8 2013
BY _____ CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 4:13cr40027-001 |
| | ) |
| MARTINEZ AUTO SALES, LLC | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### WAIVER OF INDICTMENT AND
### PLEA OF GUILTY TO INFORMATION

1. The defendant, **MARTINEZ AUTO SALES, LLC**, agrees to waive Indictment by a grand jury and consents to the filing of an Information charging the defendant with Structuring Currency Transactions to Avoid Reporting Requirements, in violation of 31 U.S.C. § 5324. The defendant further agrees to plead guilty to the Information.

### AGREEMENT REGARDING FORFEITURE

2. The defendant, **MARTINEZ AUTO SALES, LLC**, hereby agrees to forfeit all rights, title and interest to the assets which are listed in the Forfeiture Allegation of the Information and the following property which is subject to forfeiture as substitute assets as authorized pursuant to law, specifically: United States Currency in the amount of $80,000.00. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or as

substitute assets for property otherwise subject to forfeiture.

  a. The defendant consents to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. The defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such Order will be considered final as to defendant's interests in the property. Defendant agrees to immediately withdraw any claims to property seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture processes. The defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property seized in connection with this case.

  b. $44,867.01 was seized from the defendant, MARTINEZ AUTO SALES, LLC. The government stipulates that by the withdrawal of claims submitted by the defendant, it's officers, agents, and/or employees, and the entry of a consent decree of forfeiture, the defendant should be given a credit of $44,867.01 against the $80,000.00 to be forfeited as part of this Plea Agreement. Whether a consent decree is entered or not by the time of sentencing, the remaining balance of the $80,000.00 forfeiture is to be paid prior to sentencing.

  c. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is

accepted.

        d.      The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant also agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

        3.      The defendant has fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the defendant is pleading guilty. The defendant has committed each of the elements of the crime(s) to which the defendant is pleading guilty, and admits there is a factual basis for this guilty plea. The following facts are true and undisputed:

        a.      MARTINEZ AUTO SALES, LLC (hereinafter referred to as "Martinez Auto"), is a used car dealership in DeQueen, Arkansas, in the Texarkana Division of the Western District of Arkansas. Virgilio Martinez (hereinafter referred to as "Martinez") is the owner, registered agent and president of Martinez Auto. Martinez Auto has an office manager and staff who were responsible for many of the financial transactions including bank deposits and issuing checks.

        b.      Martinez Auto has an active bank account ending in XX339 located at the First National Bank in DeQueen, Arkansas.

        c.  Between January 28, 2011 through April 2, 2012 currency deposits totaling

$381,355.00 were made by employees of Martinez Auto into account XX339 at the First National Bank in DeQueen, Arkansas. The deposits are as follows:

| Date | Deposit Amount |
| --- | --- |
| 01/28/2011 | $9,600 |
| 01/31/2011 | $9,900 |
| 02/01/2011 | $9,800 |
| 02/02/2011 | $5,000 |
| 02/10/2011 | $8,725 |
| 02/11/2011 | $1,900 |
| 02/22/2011 | $6,000 |
| 02/25/2011 | $6,000 |
| 03/01/2011 | $8,550 |
| 03/04/2011 | $6,300 |
| 03/07/2011 | $9,900 |
| 03/08/2011 | $9,900 |
| 03/09/2011 | $1,900 |
| 03/11/2011 | $9,900 |
| 03/12/2011 | $4,000 |
| 04/18/2011 | $9,900 |
| 04/21/2011 | $9,530 |
| 04/22/2011 | $1,200 |
| 05/09/2011 | $5,030 |
| 05/10/2011 | $9,900 |
| 05/11/2011 | $8,700 |
| 05/13/2011 | $5,000 |
| 05/31/2011 | $9,900 |

| Date | Deposit Amount |
|---|---|
| 06/27/2011 | $9,900 |
| 06/28/2011 | $6,650 |
| 07/11/2011 | $8,400 |
| 07/12/2011 | $5,200 |
| 07/18/2011 | $8,600 |
| 07/20/2011 | $9,900 |
| 08/30/2011 | $9,800 |
| 09/01/2011 | $6,200 |
| 09/15/2011 | $5,000 |
| 09/16/2011 | $8,000 |
| 09/19/2011 | $9,000 |
| 09/20/2011 | $9,000 |
| 11/21/2011 | $9,500 |
| 11/22/2011 | $9,000 |
| 11/28/2011 | $9,680 |
| 11/29/2011 | $4,970 |
| 01/28/2012 | $9,700 |
| 01/30/2012 | $9,500 |
| 02/02/2012 | $7,000 |
| 02/09/2012 | $6,020 |
| 02/11/2012 | $9,500 |
| 02/14/2012 | $8,500 |
| 03/26/2012 | $8,800 |
| 03/27/2012 | $9,500 |
| 03/30/2012 | $8,500 |

| Date | Deposit Amount |
|---|---|
| 04/02/2012 | $9,000 |
| | |
| **TOTAL** | **$381,355** |

      d.     The deposits at the First National Bank in DeQueen are insured by the Federal Deposit Insurance Corporation and as such is required by Title 12, United States Code Section 1829(b), and the regulations promulgated thereunder, to maintain accurate records of cash deposits. That bank has an obligation to issue Currency Transaction Reports (hereinafter referred to as "CTRs") for deposits of $10,000.00 or more.

      e.     Based on the statements of witnesses, analysis of the financial records of Martinez Auto and the bank records showing a pattern of currency structuring by Martinez Auto, the government can prove that the defendant structured, and caused those transactions to be structured, in an effort to evade the reporting requirements of Title 31, United States Code Section 5313(a), and the regulations promulgated thereunder.

## ADVICE OF RIGHTS

3.     The defendant hereby acknowledges that it has been advised of and fully understands the following constitutional and statutory rights:

      a.     to have an attorney and if the defendant cannot afford an attorney, to have one provided to him/her and paid for at government expense;

      b.     to persist in his/her plea of not guilty;

      c.     to have a speedy and public trial by jury;

      d.     to be presumed innocent until proven guilty beyond a reasonable doubt;

      e.     to confront and examine witnesses who testify against him/her;

  f.  to call witnesses on his/her behalf;

  g.  to choose to testify or not testify and that no one could force him/her to testify; and,

  h.  to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

4.  The defendant hereby acknowledges that it understands with respect to the Information to which it pleads guilty, it thereby <u>WAIVES</u> all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

5.  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

6.  The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANT

7.  The defendant agrees that if after signing this plea agreement it commits any crimes, violates any conditions of release, fails to appear for sentencing, provides information to the Probation Office or the District Court that is intentionally misleading, intentionally incomplete, or

intentionally untruthful, violates any term of this plea agreement, takes a position at sentencing contrary to the terms of this plea agreement or attempts to withdraw from this plea agreement, this conduct shall constitute a breach of this plea agreement that shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to pursue additional charges against the defendant. The defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the District Court.

8. The defendant further agrees that a breach of any provisions of this plea agreement shall operate as a WAIVER of defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a. admissions against interest, both oral and written, made by the defendant to any person;

    b. statements made by the defendant during his/her change of plea hearing;

    c. the factual basis set forth in the plea agreement;

    d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;

    e. any and all physical evidence of any kind which the defendant has provided to the government; and,

    f. any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

9.  The defendant acknowledges that it has been advised of the maximum penalties for each count to which it is pleading guilty. By entering a plea of guilty to the Information, the defendant agrees that it faces:

   a. a maximum term of probation of not less than one year and not more than five years, pursuant to 18 U.S.C. §§ 3551(c)(1) and 3561(c)(1);

   b. a maximum fine of $500,000.00, pursuant to 18 U.S.C. §§ 3551(c)(2) and 3571(c)(3); or

   c. both probation and fine, pursuant to 18 U.S.C. § 3551;

   d. a special assessment of $100.00 for each count of conviction.

## NO OTHER CHARGES

10. The government agrees that no other federal charges which stem from the activities described in the Information will be brought against the defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

11. The parties acknowledge that the District Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

12. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any

discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees this does not give it the right to withdraw her plea of guilty.

### RELEVANT CONDUCT CONSIDERED

13. At the sentencing hearing, the government will be permitted to bring to the District Court's attention, and the District Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which it has not been charged up to the date of this Agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

### PERJURY

14. In the event that it is determined that the defendant has not been truthful with the District Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

### CONCESSIONS BY THE GOVERNMENT

15. The government agrees not to make a recommendation as to what specific sentence should be given to the defendant.

### GOVERNMENT'S RESERVATION OF RIGHTS

16. Although the government agrees not to object to certain findings by the probation office or to rulings of the District Court, it reserves the right to:

    a. make all facts known to the probation office and to the District Court;

    b. call witnesses and introduce evidence in support of the Presentence Report;

    c.    contest and appeal any finding of fact or application of the Sentencing Guidelines;

    d.    contest and appeal any departure from the appropriate Guideline range; and,

    e.    defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the government in this Plea Agreement which are favorable to the defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

17.    The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the District Court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

18.    The parties agree that nothing in this agreement binds the District Court to:

    a.    make any specific finding of fact;

    b.    make any particular application of the Sentencing Guidelines;

    c.    hand down any specific sentence;

    d.    accept any stipulation of the parties as contained in this Plea Agreement; and,

    e.    accept this Plea Agreement.

19.    The government and the defendant acknowledge that the District Court has an obligation to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

20. The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

21. The defendant agrees to pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

22. By signing this Plea Agreement, the defendant acknowledges that:

    a. The defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.

    b. The defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.

    c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.

    d. The defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.

    e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

23. By signing this plea agreement, counsel for the defendant acknowledges that:

    a. Counsel has carefully reviewed every part of this agreement with the defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the defendant.

    b. Counsel has explained the ramifications of the plea agreement to the defendant, and believes that the defendant understands this plea agreement,

what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

c. Counsel believes that the defendant's decision to enter into this agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

24. The defendant and her attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change its plea to guilty.

Dated this 8xh day of November, 2013.

_____
Virgilio Martinez, Representative
Martinez Auto Sales, LLC
Defendant

_____
David Graham,
Attorney for Defendant

CONNER ELDRIDGE
UNITED STATES ATTORNEY

By: _____ A.U.S.A.
Benjamin Wulff
Assistant U.S. Attorney